## UNITED STATES DISTRICT COURT FOR
## EASTERN DISTRICT OF PENNSYLVANIA

MCKESSON CORPORATION                         :

           Plaintiff                         :

      vs.                                           :    Civil Action No. _2:26-cv-00285_

                                   :

PAIN MANAGEMENT COMPANY LLC          :
and BRIAN DUNLEAVY
                                   :

           Defendants

## VERIFIED COMPLAINT

Plaintiff McKesson Corporation, by and through its attorneys, Stevens & Lee, P.C., makes the following complaint and in support states as follows:

## THE PARTIES

1.     This action involves a claim for breach of contract related to a customer's failure to pay for pharmaceutical products purchased from a supplier on credit.

2.     Plaintiff McKesson Corporation ("McKesson") is a Delaware corporation with its principal place of business in Texas.

3.     Among other things, McKesson is in the business of providing pharmaceutical products to medical care providers, including hospitals, pharmacies, and other healthcare providers.

4.     Defendant, Pain Management Company LLC ("PMC") is a Pennsylvania limited liability company with its principal place of business in Pennsylvania.

5.     Defendant, Brian Dunleavy is an individual resident of Pennsylvania.  Dunleavy is the President of PMC and, upon information and belief, the sole owner of PMC.

## JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C.

§ 1332 because complete diversity of citizenship exists.

7.      McKesson is a citizen of Delaware and Texas.

8.      Dunleavy is a citizen of Pennsylvania.

9.      For purposes of diversity of citizenship analysis, the state of citizenship of a

limited liability company is determined by the citizenship of its members.

10.     After a reasonable investigation, upon information and belief, none of PMC's

members are citizens of Delaware or Texas.

11.     Upon information and belief, Dunleavy is the sole member of PMC.

12.     Upon information and belief, PMC is therefore a citizen of Pennsylvania.

13.     The amount in controversy, exclusive of interest and costs, exceeds the sum of

Seventy-Five Thousand Dollars ($75,000).

14.     PMC is subject to personal jurisdiction in Pennsylvania because of its citizenship

and because it purposefully availed itself to the Commonwealth's jurisdiction by registering to

do business, conducting business, and executing contracts in Pennsylvania.

15.     Dunleavy is subject to personal jurisdiction in Pennsylvania because of his

citizenship and residency within this judicial district.

16.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a

substantial part of the events or omissions giving rise to McKesson's claims occurred in this

District, and because PMC and Dunleavy are subject to this Court's personal jurisdiction.

## FACTUAL BACKGROUND

**A. PMC applies for credit from McKesson and begins purchasing pharmaceutical products from McKesson.**

17. On May 1, 2015, and July 1, 2024, McKesson entered into Pharmacy Distribution Agreements (the "Distribution Agreements") with non-party Vizient Supply, LLC f/k/a Novation LLC ("Vizient").

18. The Distribution Agreements permitted Vizient's "Members" to purchase pharmaceutical products from McKesson.

19. PMC is one of Vizient's Members.

20. On or about March 28, 2022, PMC submitted a credit application ("Application") to McKesson. A true and correct copy of the Application is attached hereto as Exhibit A.

21. Through the Application, PMC requested to purchase pharmaceutical products from McKesson on credit.

22. In the Application, PMC agreed to, among other things:

    a. Abide by McKesson's terms of sale;

    b. Pay for all purchases, fees, and other charges incurred by PMC including service charges on past due amounts at the highest rate permitted by law;

    c. Make payments on an either weekly or semi-monthly basis; and,

    d. Pay all reasonable attorney fees and expenses or costs incurred by McKesson in enforcing its rights to collect amounts due from PMC.

23. The Application included a Guaranty executed by Dunleavy through which Dunleavy personally guaranteed that PMC would "fully and promptly perform and pay all its present and future obligations to McKesson." Ex. A, p. 2.

24. Through the Guaranty, Dunleavy agreed "to pay on demand (I) all sums due and to become due to McKesson from [PMC] and (II) all losses, costs, attorney's fees or expenses

3

which may be suffered by McKesson by reason of [PMC's] default on its obligations or Guarantor's default under this guaranty." *Id.*

25.     McKesson approved PMC's Application, and PMC then began purchasing pharmaceutical products on credit from McKesson through McKesson's online platform, McKesson Connect.

26.     From March 2022 through February 2023, McKesson supplied the pharmaceutical products PMC purchased on credit.

27.     PMC received the pharmaceutical products it purchased from McKesson on credit.

**B.   PMC seeks to purchase controlled substances from McKesson.**

28.     On or around February 2023, in addition to the pharmaceutical products it already purchased from McKesson, PMC sought to also purchase controlled substances from McKesson.

29.     On February 27, 2023, PMC, McKesson, and Vizient executed a Pathway Enhancement Addendum (the "Addendum"), which, in part, created certain obligations with respect to the sale and distribution of controlled substances.

30.     From February 2023 through May 2025, McKesson supplied the controlled substances and other pharmaceutical products PMC purchased on credit.

31.     PMC received and accepted the controlled substances and other pharmaceutical products it purchased from McKesson on credit.

**C.   PMC refuses to pay for pharmaceutical products it had received and accepted.**

32.     On August 29, 2025, PMC clawed back an in-process ACH payment it had made to McKesson and also indicated that PMC was unwilling to make any further payments to McKesson.

33.     At this time, PMC still owed McKesson for pharmaceutical products that PMC had purchased from McKesson, and that PMC had received and accepted.

34.     PMC continued to receive invoices from McKesson until October 10, 2025 for pharmaceutical products that PMC had purchased from McKesson, and that PMC had received and accepted.

35.     The total amount due on these invoices is $270,489.87, exclusive of interest.

36.     To date, PMC has failed to pay the $270,489.87 it owes McKesson.

37.     PMC refuses to pay the $270,489.87 it owes McKesson.

38.     PMC's failure to pay the $270,489.87 it owes McKesson is a breach of PMC's duties under the Application.

39.     As a result of PMC's breaches, McKesson suffered $270,489.87 in damages, plus interest, costs, and attorneys' fees.

40.     On December 12, 2025, McKesson sent a demand letter to PMC demanding payment of all sums owed to McKesson.

41.     On December 23, 2025, McKesson sent a demand letter to Dunleavy demanding payment of all sums owed to McKesson by PMC, pursuant to Dunleavy's Guaranty.

42.     Neither PMC nor Dunleavy have made payment to McKesson of the outstanding $270,489.87 owed to McKesson.

## COUNT I
## Breach of Contract – McKesson v. PMC

43.     McKesson incorporates the allegations in the preceding paragraphs as if set forth fully herein.

44.    The Application constitutes a valid and binding contract between McKesson and PMC.

45.    Pursuant to the Application, PMC agreed to pay all amounts due for pharmaceutical products purchased on credit on a weekly or semi-monthly basis.

46.    PMC breached the Application by failing to pay each invoice in full within the required time period.

47.    PMC continues to refuse to pay the amount due to McKesson.

48.    McKesson performed all its obligations under the Application including to supply the pharmaceutical products ordered by PMC from McKesson.

49.    PMC did not reject any of the pharmaceutical products it received from McKesson.

50.    PMC failed to perform its obligations under the Application by refusing to pay all amounts due to McKesson under the Application.

51.    PMC's failure to pay all amounts due to McKesson under the Application constitutes a material breach of the Application.

52.    Because of PMC's material breach of the Application, McKesson is entitled to payment of the full amount due to McKesson.

53.    McKesson has been damaged by PMC's breach of the Application in the amount of $270,489.87.

54.    Pursuant to the Application, McKesson is also entitled to interest on the principal amount due at the highest rate permitted by law.

55.    Pursuant to the Application, McKesson is also entitled to reimbursement of its reasonable attorneys' fees and costs incurred in collecting the amounts due to McKesson.

**WHEREFORE**, McKesson requests judgment in its favor and against PMC in the amount of $270,489.87, plus pre-judgment interest, post-judgment interest, reasonable attorneys' fees, and costs, together with such other relief as the Court deems appropriate.

<u>**COUNT II**</u>
<u>**Unjust Enrichment (in the alternative) – McKesson v. PMC**</u>

56.     McKesson incorporates the allegations in the preceding paragraphs as if set forth fully herein.

57.     At PMC's request, McKesson conferred a benefit upon PMC by providing pharmaceutical products to PMC.

58.     PMC received and accepted the benefit of the pharmaceutical products provided by McKesson.

59.     PMC was aware that McKesson was providing the pharmaceutical products to PMC and that McKesson expected to be paid for them.

60.     PMC accepted the pharmaceutical products provided by McKesson.

61.     PMC was unjustly enriched by retaining the benefit of receiving the pharmaceutical products without paying McKesson fair and reasonable compensation.

62.     Allowing PMC to retain the benefit of the pharmaceutical products without paying fair compensation would be unjust and unconscionable.

63.     McKesson has been damaged as a direct, proximate, and foreseeable result of PMC's failure to compensate McKesson, while retaining all benefits for itself.

**WHEREFORE**, McKesson requests judgment in its favor and against PMC in the amount of $270,489.87, plus pre-judgment interest, post-judgment interest, reasonable attorneys' fees, and costs, together with such other relief as the Court deems appropriate.

7

## COUNT III
### Breach of Contract – McKesson v. Brian Dunleavy

64.     McKesson incorporates the allegations in the preceding paragraphs as if set forth fully herein.

65.     The Application contains a Guaranty through which Dunleavy agreed absolutely and unconditionally to guaranty payment to McKesson.

66.     The Guaranty constitutes a valid and binding agreement between McKesson and Dunleavy.

67.     Pursuant to the Guaranty, Dunleavy guaranteed that PMC would pay all amounts due to McKesson for pharmaceutical products purchased on credit.

68.     Pursuant to the Guaranty, Dunleavy is obligated to pay on demand all sums due to McKesson from PMC, along with McKesson's costs, attorneys' fees and expenses.

69.     PMC has failed to pay all sums due to McKesson.

70.     McKesson demanded that Dunleavy pay all sums due to McKesson from PMC pursuant to the Guaranty.

71.     Dunleavy has failed to pay all sums due to McKesson from PMC.

72.     McKesson performed all its obligations under the Application including to supply the pharmaceutical products ordered by PMC from McKesson.

73.     Dunleavy has failed to perform his obligations under the Guaranty by refusing to pay all amounts due to McKesson by PMC.

74.     Dunleavy has materially breached the Guaranty.

75.     Because of Dunleavy's material breach of the Guaranty, McKesson is entitled to payment from Dunleavy of the full amount due to McKesson by PMC.

8

76.    Pursuant to the Guaranty, McKesson is also entitled to all losses, costs, attorneys' fees or expenses it suffered due to PMC's default of the Application and Dunleavy's default of the Guaranty.

**WHEREFORE**, McKesson requests judgment in its favor and against PMC in the amount of $270,489.87, plus pre-judgment interest, post-judgment interest, reasonable attorneys' fees, and costs, together with such other relief as the Court deems appropriate.

**STEVENS & LEE, P.C.**

Dated:  January 16, 2026                  By:  */s/ Peter J. Adonizio, Jr.*
                                               Peter J. Adonizio, Jr.
                                               Pa. Attorney ID No. 325990
                                               Christopher J. Harris
                                               Pa. Attorney ID No. 335610
                                               425 Biden Street, Suite 300
                                               Scranton, PA 18503
                                               Phone: (570) 969-5372
                                               Fax: (610) 371-1222
                                               peter.adonizio@stevenslee.com
                                               christopher.harris@stevenslee.com

                                               *Attorney for Plaintiff McKesson Corporation*

9